IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 03 2019

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A TRACKING WARRANT AND ORDER PURSUANT TO 18 U.S.C. §§2703 (c)(1)(A), 2703(d), and 3122 FOR: 1) DISCLOSURE OF TELECOMMUNICATIONS RECORDS; 2) DISCLOSURE OF CELL-SITE INFORMATION FOR TELEPHONE NUMBER (540) 970-6719 | Case No. 7:19 mj 98<br><br>Filed Under Seal |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR A TRACKING WARRANT

I, Clark Jackson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a tracking warrant pursuant to Federal Rule of Criminal Procedure 41 for information about the location of the cellular telephone assigned call number **(540) 970-6719** (the **"Target Cell Phone"**), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b) (1). \

3. I am a Deputy with Montgomery County Sheriff's Office (MCSO) and have been so employed since 2012. I am currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Washington Field Division, (WFD) Roanoke Resident Office (RRO) and have been on the Task Force

1

since October 1, 2018. My duties as a TFO involve the investigation of various criminal activities of narcotic traffickers and their associates. In investigating these matters, I have acted as a case agent and a contact agent for confidential sources. During my employment with the MCSO, I have received multiple hours of training in narcotics enforcement, investigating distribution of illicit narcotics, conducting surveillance, and I have personally participated in numerous investigations. I have also spoken on numerous occasions with informants, suspects, and other experienced narcotics traffickers concerning the methods and practices of drug traffickers, including the methods and practices used by traffickers of methamphetamine.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that an unidentified male AKA "PAPPY", and others, are engaged in a conspiracy to violate federal drug laws, specifically: narcotics trafficking, in violation of 21 U.S.C. § 841(a); and offenses involving the use of communications facilities in commission of narcotic offenses, in violation of 21 U.S.C. § 843(b); as well as the identification of individuals who are engaged in the commission of these offenses. Since this affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation.

6. I respectfully submit that probable cause exists to believe that "PAPPY" is utilizing the **Target Cell Phone** to violate federal drug laws, and that the Requested Information will lead to evidence concerning the offenses. It is believed that "PAPPY" has conspired with other individuals within the Western District of Virginia (WSVA) and will continue to utilize the **Target Cell Phone** in furtherance of his criminal conspiracy.

### Probable Cause

7. In July 2019, I conducted an interview with a cooperating defendant (CD) who had been arrested on July 24, 2019 for possession of methamphetamine with intent to distribute during a traffic stop conducted by MCSO on Interstate 81 southbound in Montgomery County which is in the WDVA. The CD stated that he/she

had purchased two ounces of methamphetamine in Roanoke from a black male known only by his nick name "PAPPY." The transaction was arranged by text messages between the CD and "PAPPY", who was using **Target Cell Phone.** The CD further stated that twice a week from April 2019 to July 24, 2019, the CD would contact "PAPPY" on the **Target Cell Phone** to arrange to purchase between ½ to 1 ounces of suspected methamphetamine. A state Search Warrant was conducted on the CD's cell phone by MCSO Deputy James Loan on July 31, 2019. Located on the CD's phone were text messages between the CD and the **Target Cell Phone** arranging the transaction that took place on July 24, 2019. The CD and "PAPPY" communicate about the transaction on July 24, 2019 as follows: CD:"Hey you good? I need 2". "U got 11 rite". It is TFO Jackson's understanding that CD is referencing the two ounces of methamphetamine and "PAPPY" is referencing the $1,100.00, as CD had stated during the interview.

8. On August 1, 2019, the DEA RRO issued Administrative Subpoenas for the subscriber and toll history for the **Target Cell Phone** and subsequently received the records. The subpoena has shown that the **Target Cell Phone** is subscribed to John Brown at 1744 Orange Avenue, Roanoke, VA. Through use of law enforcement databases, it was found that the address of 1744 Orange Avenue was the community house in the Rugby neighborhood and that no one by the name of John Brown resides at that address. It is known to me that drug traffickers often utilize telephones with false subscriber information to conceal their identity and avoid detection by law enforcement. The information provided in accordance with this tracking warrant will aid law enforcement in locating and accurately identifying "PAPPY".

9. In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the

3

provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

10.     Based on my training and experience, I know that T-MOBILE can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on T-MOBILE's network or with such other reference points as may be reasonably available.

11.     Based on my training and experience, I know that T-MOBILE can collect cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

12.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing

4

immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court direct T-MOBILE to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-MOBILE. I also request that the Court direct T-MOBILE to furnish the government all I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

Clark Jackson
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me
on September 3, 2019:

Honorable Robert S. Ballou
United States Magistrate Judge

5